# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERMENEJILDA DHAWAN, | ) | 1:13-cv-0133 LJO-BAM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | (Docs. 1, 2, 3) |
| JUAN RUELAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**I.**

**MOTION TO PROCEED IN FORMA PAUPERIS**

By application filed February 1, 2013, Plaintiff Ermenejilda Dhawan has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 2). Plaintiff has submitted a declaration that makes the showing required by § 1915 (a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915 (a).

**II.**

**INTRODUCTION**

Plaintiff "Ermenejilda Dhawan, a living soul, not a corporation" ("Plaintiff"), appearing pro se and informa pauperis, filed the instant action on January 28, 2013. On February 1, 2013, Plaintiff filed an amended complaint. First Amended Complaint ("FAC"), (Doc. 3). Plaintiff's amended complaint is entitled "Replevin in Detinet" and names the following Defendants in the caption: (1)

1

"Juan Ruelas, individually and in his official capacity as President of STAR HOUSING PROJECT, Inc." (2) "Jeff S. Shepard individually and in his official capacity as a Calif. Public BAR Attorney, representing Juan G. Ruelas, (3) Brian T. Moyhihan and/or successors, individually and in his official capacity as Pres/CEO of BAC HOME LOANS SERVICING & BANK OF AMERICA N.A., (4) "James F. Taylor or successor(s), as PRES. OF FIN. & ADMIN. OF RECONTRUST COMPANY, N.A.; (5) BRUCE PARADIS, and/or his successor individually, and in his official capacity as PRES/CEO of HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL NETWORK, INC." (6) ANGELO MOZILO, and/or his successor, individually, and in his official capacity as PRES/CEO OF COUNTRYWIDE HOME LOANS, INC.; (7) R.K. ARNOLD, and/or his successor, individually, and in his official capacity as PRES/CEO OF MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, INC. and (9) JOHN DOES (Investors) 1-10,000, Et. Al."

## DISCUSSION

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts

which the defendants engaged in that support Plaintiff's claim. *Id.* Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B.    Plaintiff's Allegations**

Plaintiff's amended complaint is mainly comprised of archaic legal terms and nonsensical statements. Reading her complaint carefully, however, it appears that she is alleging an unlawful foreclosure. From the portions of the amended complaint that are understandable, it seems that Plaintiff purchased property located at 2283 N. Lodi Ave. Fresno, California, on April 30, 2008. FAC ¶ 73. She executed a Promissory Note secured by a Deed of Trust on the real property. FAC, at pg.74.

Plaintiff alleges that the property was "recently confiscated by fraudulent non-judicial foreclosure procedure that was based on the felonious acts of filing numerous false and/or forged documents in California state public office(s) by Defendants." Complaint, at pg. 2. Although Plaintiff contends that the property was confiscated, she later alleges that she is "currently in possession of the real property." FAC ¶ 6.

Plaintiff states that there "is no factual evidence" that she defaulted on the loan and contends that Defendants do not AND did not possess the Right to sell Plaintiff's real property. "There is no basis in law for either party in a "currency exchange" and/or other transaction to achieve possession of all items in the transaction even after default of a party." FAC, at pg. 6. She contends that Defendants cannot foreclose on the property without first presenting the Genuine "Wet-Ink" Original Deed of Trust and Genuine Original Promissory Note. She alleges that she is the true title holder.

1  Plaintiff now sues to recover these documents and allegedly false public filings. She also
2  requests that the Court stay the foreclosure and related proceedings until this action is concluded.

3       **C.**    **Failure to Satisfy Federal Rule of Civil Procedure 8**

4  As a threshold, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8, which
5  requires a plaintiff to "plead a short and plain statement of the elements of his or her claim,
6  identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie
7  case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

8  Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement
9  "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."
10 *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written
11 more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity
12 as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a
13 complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and
14 judges." *Id*. at 1179.

15 Moreover, a pleading may not simply allege a wrong has been committed and demand relief.
16 The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the
17 "grounds upon which it rests." *Yamaguchi v. United States Dep't of Air Force*, 109 F.3d 1475, 1481
18 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a
19 complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v.*
20 *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least
21 some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.*
22 at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual
23 enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*
24 *Twombly*, 550 U.S. 544, 557 (2007)). The United States Supreme Court has explained:

25 > While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases
26 > his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than
27 > a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the
28

4

requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3.

Plaintiff's complaint lacks specific, clearly defined allegations and fails to give Defendants fair notice of the claims against them. The few facts contained in the FAC are buried in pages of sometimes unintelligible writing, and it is therefore difficult to extract relevant facts and legal arguments.

Other than the facts set forth above, Plaintiff provides no further factual information. She alleges only conclusory allegations against Defendants as a whole. Plaintiff also fails to provide sufficient facts about the events leading up to the foreclosure, including the basis upon which the property was foreclosed.

The FAC therefore fails to satisfy Rule 8.

**D.    Failure to Tender Indebtedness**

Plaintiff's complaint also fails to allege that she tendered the amount of the debt owed.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Id.* "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal.App. 524, 525 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (1989), the California Court of Appeal explained:

. . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Id.* at 118. Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Id.* at 118. "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Sav. & Loan Assn.,* 165 Cal.App.3d 1214, 1224 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Mgmt.*, 158 Cal.App.3d at 579.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme

regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820-821 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

Plaintiff's complaint does not reference her tender of indebtedness or meaningful ability to do so. Though she states that there is no "factual evidence" of default, this does not negate the need to allege tender. *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996). Without Plaintiff's meaningful tender, the remedies she seeks are unavailable.

### E.    Original Note Possession

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). Under the relevant statutory framework, no party needs to physically possess the promissory note. *Labes v. Ocwen Loan Servicing, LLC*, 2009 WL 3748291, *6 (E.D.Cal. Nov. 5, 2009); *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller v. Lien*, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D.Cal.2007).

Therefore, to the extent Plaintiff alleges that Defendants foreclosed on her property without first producing the Promissory Note or Deed of Trust, she cannot state a claim for which relief may be granted.

**CONCLUSION**

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order.  Plaintiff's complaint should be clearly titled, "Second Amended Complaint," and shall refer to the case number assigned to this action.  It must contain a short and plain statement of her claims and must clearly set forth the causes of action alleged against each Defendant.  If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated:   **February 5, 2013**             /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE