# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMENEJILDA DHAWAN, | CASE NO. 1:13-0133 LJO BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' COMPLAINT BE DISMISSED** |
| v. | |
| JUAN RUELAS, *et al.*, | |
| Defendants. | **OBJECTIONS DUE: 30 DAYS** |

## I.   INTRODUCTION

On January 28, 2013, Plaintiff Ermenejilda Dhawan ("Plaintiff"), proceeding *pro se* and in forma pauperis, filed this action against multiple Defendants ("Defendants") challenging the validity of foreclosure on certain residential real property. (Doc. 1).   On February 1, 2013, Plaintiff filed an amended complaint. First Amended Complaint ("FAC"), (Doc.3). On February 6, 2013, the Court reviewed Plaintiff's amended complaint and dismissed it without prejudice.  Plaintiff was granted 30 days to file a second amended complaint. (Doc. 4).   Plaintiff was advised that failure to file a second amended complaint within the allotted time period would result in a recommendation of dismissal. The time for complying with the Court's order has now expired and Plaintiff has failed to file a second amended complaint.

## II. DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor–public policy favoring disposition of cases on their merits–is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's February 6, 2013, order expressly stated that failure to amend the complaint would result in a recommendation of dismissal. (Doc. 4). Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY RECOMMENDS** that the Complaint be **DISMISSED** pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's Order of February 6, 2013.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 25, 2013**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE